Commonwealth of Pennsylvania, Department of Public Welfare *v.* Joseph Glancey, Appellant.

Submitted on briefs, June 10, 1977, to Judges WIL-KINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*Joseph Glancey,* appellant, for himself.

*Linda M. Gunn,* Assistant Attorney General, and *James R. Adams,* Assistant Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, JR., July 11, 1977:

This is an appeal, submitted on briefs, from the decision of a hearing examiner of the Department of Public Welfare (Department), finding the appellant ineligible for general assistance payments because his income exceeds the Department's minimum standards for eligibility. Appellant was a recipient of assistance payments until December 1975 when he began to receive Social Security disability benefits of $355.20 a month which exceeds the Department's eligibility cut-off income of $164 for a single person living in Philadelphia County. The appellant argues that, notwith-

standing the Department's standards, his needs are such that he requires general assistance payments.

The Department claims that it may establish need standards of general application which make persons with incomes above a certain level ineligible for assistance without a case-by-case determination of actual expenses. It argues that such a case-by-case determination would create a great administrative burden and would lead to unfair and arbitrary treatment of individuals since Departmental caseworkers, not having clear standards, would be able to exercise too much discretion. We find that the Department's maximum income regulations are valid and affirm the decision below.

The Legislature has given the Department the authority to establish regulations and standards. Section 432 of the Public Welfare Code, Act of June 13, 1967, P.L. 31, *as amended*, 62 P.S. §432, states that persons shall be eligible for assistance "subject to the rules, regulations, and standards established by the department, both as to eligibility for assistance and as to its nature and extent. . . ."

The United States Supreme Court has held in *Dandridge v. Williams,* 397 U.S. 471 (1970), that in connection with the Federal Aid to Families With Dependent Children program, 42 U.S.C. §601 et seq., it does not violate the equal protection clause of the United States Constitution to establish absolute maximums of need which, once reached, cannot be increased no matter how many members there are in a family.

In order for a welfare system to be efficient and fair, there must be reasonable standards set. The regulation here, which simply sets a maximum income for eligibility for payments, is a reasonable exercise of the Department's authority under the law and brings no harsher result upon the claimant than does the regulation setting an absolute maximum of need

which was found to be constitutionally valid in *Dandridge, supra.*

Accordingly, we will enter the following

### ORDER

Now, July 11, 1977, the order of the hearing examiner in Case No. 1082179-D, dated June 16, 1976, finding Joseph Glancey ineligible for general assistance payments, is hereby affirmed.